[Crim. No. 2189. In Bank.—December 31, 1918.]

## THE PEOPLE, Respondent, v. WILL SHORTRIDGE, Appellant.

CRIMINAL LAW—MURDER—EVIDENCE—DYING DECLARATION.—In a prosecution for murder the defendant is not prejudiced by the admission in evidence of a statement of the deceased purporting to be offered as a dying declaration, without proper foundation laid therefor, where his own statements, in the presence of different persons, and at different times, made by him as to the subject of the declaration, were in substance identical therewith.

ID.—STATEMENTS OF DEFENDANT AT PRELIMINARY EXAMINATION—PROOF BY WITNESS.—Statements voluntarily made by the defendant at his preliminary examination may be testified to by a person present at the hearing, notwithstanding such statements were taken down by a reporter as required by section 869 of the Penal Code.

ID.—SUFFICIENCY OF EVIDENCE.—In a prosecution for murder, where it appears from the defendant's own testimony that the case is one where a police officer, knowing, or having good reason to believe, that defendant had committed a felony, arrested him therefor, using no unnecessary force in so doing, and the latter, for the sole reason that he objected to having handcuffs placed upon him, resisted the officer, took his gun from him, with which, because the officer was using his club to protect himself and subdue his prisoner, he fired the fatal shot and made his escape, the defendant was guilty of murder.

APPEAL from a judgment of the Superior Court of Yuba County, and from an order denying a new trial. Eugene P. McDaniel, Judge. Affirmed.

The facts are stated in the opinion of the court.

Oscar Hudson, for Appellant.

U. S. Webb, Attorney-General, and J. Charles Jones, Deputy Attorney-General, for Respondent.

VICTOR E. SHAW, J., *pro tem.*—Following his conviction of murder in the first degree, defendant was sentenced to execution. He appeals from the judgment so pronounced, and from an order denying his motion for a new trial.

Briefly stated, the facts surrounding the homicide, and concerning which there is no dispute, are as follows: At about

2:30 o'clock on the morning of May 7, 1918, James Mock, a police officer of Marysville, was informed that defendant had robbed a person in a certain rooming-house, and started out to apprehend him. Finding defendant in some brush near the railroad track, he placed him under arrest, and with his prisoner proceeded a distance of some thirty or forty feet when he stopped and whistled twice for the apparent purpose of attracting attention of other officers engaged in the search for defendant. Receiving no reply, he, in accordance with an expressed intention so to do, proceeded to place handcuffs upon defendant, who strenuously resisted his efforts, as a result of which the handcuffs were either knocked or dropped upon the ground. Thereupon the officer drew his gun, which, in the scuffle that ensued, defendant secured, and with it, after backing away some distance, fired the shot that caused the death of Mock about seven days thereafter. The defense was based upon insanity and self-defense.

As grounds for a reversal of the judgment, appellant insists that the court committed prejudicial error in first, receiving in evidence a statement of the deceased, purporting to be offered as his dying declaration, without proper foundation laid therefor; second, that the court erred in admitting parol evidence of the statements made by defendant at his preliminary hearing before the magistrate, and third, that he was prejudiced by the rulings of the court in refusing to give certain instructions requested by him.

As to the first alleged error, it was made to appear by the testimony of the surgeon that this wound, the character and seriousness of which he described, was a fatal one, and the stenographer who took the statement testified that the district attorney, prior to questioning deceased, said, "Jim, you know what statement you make is made because you believe you are going to die," to which he assented by replying, "Yes, sir." Upon this showing, defendant's objection to the reception of the statement in evidence, as a dying declaration of the deceased, was overruled and the same admitted. While the evidence is meager, nevertheless it sufficiently appears from the statement of the district attorney, which deceased adopted as his own, that he later made the declaration and answers to the questions put by the district attorney, believing that his wound would prove fatal, and under a sense of impending death. However, even if this were not so, we would be con-

strained to hold that defendant suffered no prejudice by reason of the ruling, for the reason that his own statements, in the presence of different persons, and at different times, made by him as to the subject of the declaration, were in substance identical therewith.

As to the second alleged error, it appears that at defendant's preliminary hearing, he, after being informed of his rights by the magistrate, was told that, in addition to his right to question the witnesses on the part of the state, he could make any statement he desired, but that such statement must be free and voluntary and subject to its use against him in the trial court. Defendant's objection that such statement so made at said time by defendant was taken down by the reporter as required by section 869 of the Penal Code, and hence the record thereof was the best evidence, was overruled, and Richard Barrett, present at said hearing, was permitted to testify to certain statements so made at the time by defendant. We perceive no merit in appellant's contention. As shown by the record, the statements as to which Barrett testified were voluntarily made by defendant, and they were subject to the same rules and mode of proof as though made elsewhere than at the preliminary hearing. Counsel for appellant has attached to the record herein a transcribed copy of the deposition taken at the hearing, upon which he attempts to argue that defendant's preliminary hearing was unfair and calculated to deprive defendant of some of his lawful rights. But such deposition was not offered in evidence at the trial, and hence has no place in the record and cannot be considered here for any purpose.

Defendant requested the court to give to the jury twenty-eight separate instructions, all of which were refused. His counsel, without argument, other than that he believes them to be correct statements of the law, assigns as prejudicial error sixteen of the rulings so made. No purpose could be served by an extensive review of the instructions so refused. Suffice it to say that we have, owing to the gravity of the case, with painstaking care, considered each and every one of them; that, as claimed by counsel for the appellant, they are, in the main, correct statements of the law applicable to the case as tried, but in so far as correct, and upon every question presented by the evidence which could possibly avail defendant,

the jury were elsewhere fully, fairly, and, we may say as to defendant, favorably instructed.

As appears from defendant's own testimony, the case is one where a police officer, knowing of, or having good reason to believe, that defendant had committed a felony, arrested him therefor, using no unnecessary force in so doing, and the latter, for the sole reason that he objected to having handcuffs placed upon him, resists the officer, takes his gun from him, with which, because the officer was using his club to protect himself and subdue his prisoner, he fires the fatal shot and makes his escape.

In addition to the plea of insanity, defendant urged at the trial that he was justified in killing deceased in self-defense, both of which questions, upon proper instructions, were submitted to the jury, which found adversely to him. The sufficiency of the evidence to warrant its verdict is not questioned.

The judgment and order denying a new trial are affirmed.

Richards, J., *pro tem.*, Wilbur, J., Sloss, J., Melvin, J., and Angellotti, C. J., concurred.